UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDELL EATMON,<br>    Petitioner,<br>  v.<br>PEOPLE OF THE STATE OF CAL,<br>    Respondent. | Case No. 19-cv-07829-HSG<br>**ORDER OF DISMISSAL** |

On November 29, 2019, petitioner filed a pleading titled "Requesting for a Stay in Obedience." Dkt. No. 1. In this pleading, petitioner stated that on October 18, 2019, in Alameda County Superior Court Case No. 173422, Judge Hymer held a hearing to schedule a hearing to determine whether petitioner is eligible for resentencing pursuant to Cal. Penal Code § 1170(d). Dkt. No. 1. Petitioner requested that the Court stay the "one year time limitation to file his federal habeas petition within this court on the return back to prison." Dkt. No. 1. That same day, the Clerk notified petitioner that there was no habeas petition pending with this court; that the Court had opened his request for stay as a new action, case number 19-cv-07829 HSG; and that petitioner should submit a completed petition on the proper form by January 6, 2020, or the action would be dismissed. Dkt. No. 4. If, however, petitioner had not intended to file a civil action, he should so inform the Court by January 6, 2020. Dkt. No. 4. The Clerk also notified petitioner that he had failed to either pay the $5 filing fee required to open a federal habeas petition, or file an *in forma pauperis* application, and should do so by January 6, 2020, or this action would be dismissed. Dkt. No. 2.

On December 9, 2019, petitioner informed the Court that while he did intend to file a civil action in this court, he simply sought an order staying the statute of limitations for filing a federal

habeas petition pending the outcome of state court proceedings but did not intend to file a federal habeas petition at the present time. Dkt. No. 5.

The deadline has passed both (1) for either paying the filing fee or filing an *in forma pauperis* application, and (2) for filing a petition on the proper form. Petitioner has done neither. Accordingly, this action is dismissed for failure to pay the filing fee and to file a petition on the proper form. Any request to reopen this case must be accompanied by (1) either the full filing fee or an *in forma pauperis* application and (2) a habeas petition on the proper form.[1]

The Clerk shall enter judgment in favor of respondent and close this file.

**IT IS SO ORDERED.**

Dated: 1/31/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Petitioner has stated that he intended to file a civil action that would stay the limitations period to file his federal habeas petition. In order to seek such a stay, petitioner must first file a federal habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (prisoners who may run risk of federal statute of limitations expiring while they are exhausting their state remedies may avoid this predicament by filing a "protective" petition in federal court and asking federal court to stay and abey federal habeas proceedings until state remedies are exhausted). However, pursuant to the *Younger* abstention doctrine, a federal court may not intervene in state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

2